## Kerlin *v.* Ewen.    Young's Appeal.

*Receiver of partnership—Compensation—Counsel fee.*

In this case the court refused to disturb the allowance of fees to the receiver of a partnership and his counsel, made by an auditor and approved by the court below, although these allowances diminished the amount awarded to appellant as the holder of claims collected by the receiver but finally decided to have passed under an assignment thereof made prior to the receivership.    All of the counsel before the auditor, including the then counsel of appellant, had waived exceptions to the auditor's report ; but appellant's exceptions were nevertheless filed.

Argued April 6, 1892.    Appeal, No. 428, Jan. T., 1892, by Sheppard G. Young, from decree of C. P. No. 2, Phila. Co., Dec. T., 1888, No. 136, dismissing exceptions filed by appellant to report of auditor distributing balance in hands of receiver. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

William H. C. Kerlin having filed a bill in equity against Warren L. Ewen for a dissolution of the partnership between them under the name of Ewen, Kerlin & Company, Francis Shunk Brown, Esq., was appointed receiver. Upon the filing of his account, Thomas B. Reeves, Esq., was appointed auditor. The larger part of the money collected by the receiver was on claims which, after considerable litigation, it was finally decided in another court (which decision the auditor followed) belonged to appellant, having been assigned prior to the receivership by W. L. Ewen to secure indebtedness due by the firm of Ewen, Kerlin & Company. The auditor allowed the receiver $750, as his fee, and a fee of $75 to his counsel, deducting these amounts and other expenses from the gross sum in his hands; and thus considerably diminishing the amount coming to appellant. None of the counsel who appeared before the auditor objected to the allowance of either of these fees; and all of them, including the then counsel for appellant, waived the usual ten days notice of the filing of the report and agreed that no exceptions should be filed to it. The appellant filed exceptions to the report of the auditor as follows:

" And now eighteenth day of January, A. D. 1892, Sheppard G. Young excepts to the report of the auditor in above case, and assigns therefore the following reasons:

"*First.* That the auditor erred in allowing the claims of Francis Shunk Brown, Esq., for compensation as therein mentioned, because no funds were collected by Francis Shunk Brown, Esq., except on book accounts which had been assigned prior to the receiver being appointed by the court, and that notice of said assignment was filed with the receiver and objection made to collecting the same. And the said assignments were sustained by the auditor, Thomas B. Reeves, Esq., and the receiver fee, amounting to 65 per cent, allowed from the funds so collected and assigned.

" Should the receiver be entitled to a fee from such fund, we respectfully submit that the sum asked is excessive to a great degree.

"*Second.* That the auditor erred in allowing the fee of the receiver's attorney, E. Hunn Hanson, Esq., for the same reasons above given, except that if said funds are liable for such

fees that the fee of E. Hunn Hanson, Esq., is considered ex-
tremely moderate.

                    " (Signed)            SHEPPARD G. YOUNG,
                                     "Per CHARLES W. YOUNG."

The auditor reported against the exceptions and they were
dismissed by the court below.

*Error assigned* was the dismissal of the exceptions as above,
quoting them.

*Charles L. Smyth, John MacDonald* with him, for appellant.

*E. Hunn Hanson,* not heard, for appellee.

PER CURIAM, April 25, 1892:

The decree is affirmed, and the appeal dismissed at the cost
of the appellant.